**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Elders, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-000242

Appeal From Lexington County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2020-UP-093
Heard September 11, 2019 – Filed April 8, 2020

**REVERSED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, and Assistant Attorney General Samuel Leonard Key, both of Columbia, for Respondent.

**PER CURIAM:** Petitioner was convicted of first-degree criminal sexual conduct (CSC) with a minor and lewd act on a minor, and sentenced concurrently to thirty years' imprisonment for CSC and fifteen years' imprisonment for the lewd act. In

the subsequent post-conviction relief (PCR) case, this Court granted the petition for writ of certiorari on two issues.[1]

Petitioner contends the PCR court erred in finding trial counsel was not ineffective for not objecting when the forensic interviewer testified she recommended "evidence based" therapy for the minor victim (Minor).  We agree.

We give "no deference to the PCR court's conclusions of law, and we review those conclusions de novo."  *Thompson v. State*, 423 S.C. 235, 239, 814 S.E.2d 487, 489 (2018) (citing *Jamison v. State*, 410 S.C. 456, 465, 765 S.E.2d 123, 127 (2014)).  Trial counsel must provide "reasonably effective assistance" under "prevailing professional norms."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Our supreme court has noted "that after *State v. Dawkins*[2] was decided in 1989, the law was 'clear that no witness may give an opinion as to whether the victim is telling the truth.'"  *Thompson*, 423 S.C. at 243, 814 S.E2d at 491 (quoting *Briggs v. State*, 421 S.C. 316, 325, 806 S.E.2d 713, 718 (2017)).  Further, the *Briggs* court noted that after *Dawkins*:

> [R]easonably competent trial counsel should know to object—absent a valid trial strategy—when a forensic interviewer gives testimony that indicates the witness believes the victim, but does not serve some other valid purpose.  When the testimony directly conveys the witness's opinion that the victim is telling the truth, it is obviously improper bolstering.

*Briggs*, 421 S.C. at 325, 806 S.E.2d at 718.

Under the case law at the time of Petitioner's trial, and in the absence of a valid trial strategy, we find trial counsel was deficient for failing to object to the forensic investigator's statement that she recommended Minor for "evidence based" therapy.  By the characterization of the type of therapy Minor received as "evidence based", Minor's testimony that she was sexually assaulted by Petitioner

---

[1] We reverse based on one issue.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address all issues on appeal when the disposition of one issue is dispositive).

[2] 297 S.C. 386, 377 S.E.2d 298 (1989).

was improperly bolstered.  *See Thompson*, 423 S.C. at 245, 814 S.E.2d at 492 ("The [forensic interviewer's] testimony . . . unmistakably conveyed to the jury her belief that Victim was telling the truth about the abuse.").

Petitioner must demonstrate "there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different."  *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007) (*citing Strickland*, 466 U.S. at 694). "[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Rutland v. State*, 415 S.C. 570, 577, 785 S.E.2d 350, 353 (2016) (citing *Strickland*, 466 U.S. at 694).

Here, the forensic investigator's statement that she recommended "evidence based" therapy for Minor bolstered Minor's testimony in such a way that if the testimony had been objected to, there is a reasonable probability that the outcome of the trial would have been different.  The forensic investigator's statement conveyed to the jury that she had "evidence" to back up Minor's claim that Petitioner sexually abused her.  This was an uncontradicted direct comment on Petitioner's guilt by a forensic interviewer who was qualified as an expert by the trial court.  Trial counsel's failure to object was sufficient to undermine confidence in the outcome of the trial.

Accordingly, the order of the PCR court is

**REVERSED.**

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**